5768. LEHON *v.* CITY OF ATLANTA.

RUSSELL, C. J. 1. Under the power conferred by the General Assembly upon the City of Atlanta to pass such ordinances for municipal purposes as the municipality may deem proper, provided such ordinances do not conflict with the constitution and laws of this State or of the United States (Acts 1913, p. 507), the City of Atlanta had the power to subject the business of a private detective or detective agency to police supervision, and to require that no person should carry on this business without being first recommended by the board of police commissioners, taking the oath of a city detective, and giving a bond in the sum of one thousand dollars, as prescribed by the ordinances.

2. The ordinances in question, which prescribe that the character and proficiency of any person or agent acting as a private detective in the City of Atlanta shall be approved and certified by the board of police com-

missioners and the chief of police, are a reasonable exercise of the power conferred by the charter, and are reasonable regulations in the promotion and preservation of good order within the municipality. The ordinances under which the plaintiff in error was tried are not unreasonable, either because they require a license or permit for the carrying on of the business of a private detective, or because the applicant must first be recommended for a license by the board of police commissioners, or because the business of a detective is subjected to police supervision, or because they prescribe a punishment for engaging in the business of a detective unless a license has been obtained, or because they require that the character and proficiency of a private detective shall be approved by the board of police commissioners and the chief of police and a certificate to that effect be obtained, or because the use or employment by a detective agency of a person or agent without the approval of the board of police commissioners and chief of police may work a forfeiture of the license. All of these ordinances prescribe reasonable regulations in the enforcement of the inherent power conferred on the municipality under the general welfare clause of its charter.

3. As a general rule the power of a municipality to control its police department is inherent and exclusive, and the imposition of regulations by which interference therewith is prevented or prohibited can not be said to be an unreasonable exercise of municipal power, although by the passage of ordinances having that effect it becomes impracticable for a private person to carry on the business of a private detective. In the case of such a conflict, salus populi est suprema lex.

4. The ordinances under which the plaintiff in error was convicted are not unconstitutional and void for the reason that they are repugnant to paragraph 2 of section 1 of article 1 of the constitution of this State, which declares that "Protection to person and property is the paramount duty of government and shall be impartial and complete," in that they require that before a detective can exercise his activities he shall disclose his identity to the police, make a public record of his employment, and work under police supervision. Whatever may be the terms or purposes of his employment, a detective is in essence a quasi peace officer, and the relinquishment by a municipality of the exercise of the right to supervise and regulate the conduct of a detective would amount, pro tanto, to the surrender or abrogation of appropriate municipal functions.

5. Nor are these ordinances unconstitutional because in violation of article 1, section 1, paragraph 3, of the constitution of Georgia, which declares that "No person shall be deprived of life, liberty, or property, except by due process of law," in that, as insisted, a compliance with the requirements of the ordinances would deprive the plaintiff in error of a property right superior to the right of the municipality to pass the ordinances in question in the interest of the public welfare.

6. The municipal ordinances under which the accused was convicted are not unconstitutional and void for the reason that they are in violation of the 5th amendment or the 14th amendment to the constitution of the United States, in that the plaintiff in error was thereby deprived of a property right without due process of law or deprived of equal pro-

tection of the laws; nor does it appear that in the application and enforcement of the ordinances the plaintiff in error, as a citizen of the State of Louisiana, was denied any privilege or immunity extended to the citizens of the State of Georgia, especially in view of the fact that it appears undisputed in the evidence that he never made application for a license to act as a detective under the municipal ordinances, and therefore that no application upon his part to carry on his business in accordance with the municipal ordinances was refused by the officers of the municipality. Even if sections 337 and 338 of the Penal Code include private detectives within their provisions (and this is not ruled), the quasi official character of such peace officers renders the importance of the requirement that they be citizens of the State a reasonable exercise of the State's sovereignty *within its territorial jurisdiction*. If private detectives are not included in the provisions of sections 337 and 338, then the ordinances under review in the present case are not void because they impinge upon the laws of the State, nor because they deprive citizens of another State of the equal protection of the laws; for they contain no requirement that applicants for license as a city detective shall be residents of the State of Georga. So far as the plaintiff in error is concerned or affected thereby, the ordinances in question are not unconstitutional or void because of the construction given to them in their administration by the officers of the municipality, since he neither filed any application to be himself licensed as a private detective, nor took any step to have his name placed upon the list of the approved employees of the detective agency by which he was employed, and which had been licensed by the municipality; and therefore, as to him, the ordinances were never construed at all.

7. The evidence authorized the judgment of the recorder, and the judge of the superior court did not err in refusing to sanction the petition for certiorari.          *Judgment affirmed. Broyles, J., not presiding.*

DECIDED FEBRUARY 18, 1915. REHEARING DENIED FEBRUARY 26, 1915.

Certiorari; from Fulton superior court—Judge Pendleton. May 30, 1914.

*Little, Powell, Hooper & Goldstein*, for plaintiff in error.

*J. L. Mayson, W. D. Ellis Jr.*, contra.

NOTE. A writ of error from the Supreme Court of the United States was granted in this case.